IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE J. KERNAN,<br><br>   Movant,<br><br> vs.<br><br>STATE OF HAWAII, DENISE C. DE COSTA, City Clerk, City and County of Honolulu,<br><br>   Respondents. | CIVIL NO. 08-00485 HG-KSC<br><br>**ORDER DENYING EUGENE J. KERNAN'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST STATE OF HAWAII; ORDER GRANTING DENISE C. DE COSTA'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; ORDER DISMISSING CASE AGAINST ALL PARTIES** |

**ORDER DENYING EUGENE J. KERNAN'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST STATE OF HAWAII; ORDER GRANTING DENISE C. DE COSTA'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; ORDER DISMISSING CASE AGAINST ALL PARTIES**

  Movant Eugene J. Kernan ("Kernan") filed a Petition for Writ of Habeas Corpus ("Petition") against Respondents the State of Hawaii and Denise C. De Costa, the clerk for the City and County of Honolulu. The Petition alleges that Kernan is being denied the right to vote because the State of Hawaii's voter registration form requires that he list his Social Security Number. The Petition requests that the Court order the State of Hawaii to process the form without this information. Kernan now moves to enter a Default Judgment against the State of Hawaii for failing to respond to his Petition. Respondent Denise C. De Costa's moves to Dismiss the Petition.

  Denise C. De Costa's Motion to Dismiss Petition for

Writ of Habeas Corpus (Doc. 7) is **GRANTED**. Eugene J. Kernan's Request for Entry of Default Judgment Against State of Hawaii (Doc. 12) is **DENIED**.

## PROCEDURAL HISTORY

On October 28, 2008, Movant Eugene J. Kernan ("Kernan") filed a Petition for Writ of Habeas Corpus. (Doc. 1, "Petition".)

On November 24, 2008, Respondent Denise C. De Costa filed a Motion to Dismiss Petition for Writ of Habeas Corpus. (Doc. 7, "Motion".)

On December 22, 2008, Kernan filed a Response to the Motion to Dismiss. (Doc. 11, "Opposition".)

On the same day, Kernan also filed a Request for Entry of Default Judgment Against Respondent State of Hawaii. (Doc. 12, "Request for Entry of Default Judgment".)

On January 5, 2009, Respondent Denise C. De Costa filed a Reply in Support of the Motion to Dismiss. (Doc. 13, "Reply".)

The Motion to Dismiss was decided by the Court without a hearing, pursuant to the Court's December 3, 2008 Minute Order. (Doc. 9.)

## STANDARD OF REVIEW

The Court may dismiss a complaint as a matter of law pursuant to Fed.R.Civ.P., Rule 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule 8(a)(2) of the

Fed.R.Civ.P. requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  This complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely");  Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996)("[a]ll that is required is that the complaint gives 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'") (quoting Datagate, Inc. v. Hewlett-Packard Co., 941 F.2d 864, 870 (9th Cir. 1991)).

In evaluating a complaint when considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must presume all factual allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Roe v. City of San Diego, 356 F.3d 1108, 1111-12 (9th Cir. 2004); Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (the complaint must be liberally construed, giving the plaintiff the benefit of all proper inferences).

Conclusory allegations of law and unwarranted inferences, though, are insufficient to defeat a motion to dismiss. Pareto, 139 F.3d at 699; In re VeriFone Securities

Litigation, 11 F.3d 865, 868 (9th Cir. 1993) (conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.), cert. denied, 454 U.S. 1031 (1981) (the Court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations"). Additionally, the Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

In Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007), the United States Supreme Court recently addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. Numerous federal courts have considered Twombly's effect on the federal pleading standard, namely whether Twombly established a blanket heightened pleading standard for all cases. The Court agrees with those courts that have held it does not.

A few weeks after Twombly, the Supreme Court decided Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007). In Erickson, a prisoner civil rights case, the Court reiterated that Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Recently, the Ninth Circuit Court of Appeals in Skaff

v. Meridien North America Beverly Hills, LLC, 506 F.3d 832 (9th Cir. 2007) applied Erickson in the Americans with Disabilities Act context, and reaffirmed the applicability of Rule 8's fair notice pleading standard. The Ninth Circuit clarified that Rule 8's fair notice pleading standard, as opposed to a heightened pleading standard, applies unless there is an explicit requirement in a statute or federal rule. Id. at 840-41 ("[T]he Supreme Court has repeatedly instructed us not to impose such heightened standards in the absence of an explicit requirement in a statute or federal rule.") (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (rejecting heightened pleading standard for Title VII employment discrimination suits)); Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, (1993) (rejecting heightened pleading standard for § 1983 suits asserting municipal liability); Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, § 101(b), 109 Stat. 737, 747 (imposing heightened pleading standard for securities fraud class actions) (codified at 15 U.S.C. § 78u-4(b)(1)-(2)); Federal Rule of Civil Procedure 9(b) (imposing a heightened pleading standard for all complaints alleging fraud or mistake).

**ANALYSIS**

**I.   Petition for Writ of Habeas Corpus**

A petition for writ of habeas corpus permits an individual in custody to claim that he should be released on the ground that his detention is in violation of the Constitution or laws of the United States. See 28 U.S.C. §§ 2241 et seq.; Preiser v. Rodriquez, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). In interpreting 28 U.S.C. §§ 2241 et seq., the United States Supreme Court has required that a habeas corpus petitioner be "in custody" at the time his petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Movant Eugene J. Kernan ("Kernan") has not alleged custodial status in his Petition for Writ of Habeas Corpus ("Petition"). To the contrary, the Petition specifically alleges a "non-custodial" restraint upon Kernan's liberty - the denial of his right to vote. (Petition at 1.) The Ninth Circuit Court of Appeals has previously held that the denial of the right to register and vote is "an injury not recognizable in a habeas corpus proceeding." Boyden v. Bell, 631 F.2d 120, 123 (9th Cir. 1980) (citing McNally v. Hill, 293 U.S. 131, 138 (1930); Smith v. Wilson, 371 F.2d 681, 683 (9th Cir. 1967)).

The Petition for Writ of Habeas Corpus fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For this reason, the Petition for Writ of Habeas Corpus is dismissed against all parties.

Denise C. De Costa's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED**.

**II.   Request for Entry of Default Judgment**

Kernan moves to enter a Default Judgment against the State of Hawaii for failing to respond to his Petition. The question of whether the State of Hawaii was properly served in this action is unclear. The Motion for Default Judgment, however, must still be denied because the Petition for Writ of Habeas Corpus fails to state a claim upon which relief can be granted, and is dismissed against all parties.

Eugene J. Kernan's Request for Entry of Default Judgment Against State of Hawaii (Doc. 12) is **DENIED**.

### CONCLUSION

Eugene J. Kernan's Request for Entry of Default Judgment Against State of Hawaii (Doc. 12) is **DENIED**.

Denise C. De Costa's Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED**.

The case is dismissed against all parties and is now **CLOSED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 17, 2009.



/S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
Kernan v. State of Hawaii et al.; Civ. No. 08-00485 HG KSC; **ORDER DENYING EUGENE J. KERNAN'S REQUEST FOR ENTRY OF DEFAULT JUDGMENT AGAINST STATE OF HAWAII; ORDER GRANTING DENISE C. DE COSTA'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS; ORDER DISMISSING CASE AGAINST ALL PARTIES**